PEOPLE V BETTIN

Docket No. 106144. Submitted September 8, 1988, at Lansing. Decided November 1, 1988.

Timothy John Bettin, a prison inmate who had served the minimum term of an indeterminate sentence for an earlier conviction but had not been paroled, pled guilty to larceny over $100 and being an habitual offender, third offense, Kent Circuit Court, Robert A. Benson, J. Defendant was sentenced to a prison term of two to ten years to be served, as required by MCL 768.7(a); MSA 28.1030(1), consecutively to the sentence he was serving. A commencement date for the sentence on defendant's subsequent convictions was not specified on the judgment of sentence. Defendant moved for a resentencing and requested that a commencement date for his sentence be set. The trial court denied defendant's request. Defendant appealed.

The Court of Appeals *held:*

The trial court properly refused to grant defendant's request since the prior sentence was still in effect at the time defendant was sentenced for the offenses in this case.

Affirmed.

CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — PRISON INMATES.

A trial court, when imposing a sentence of incarceration consecutive to that for which a prison inmate remains incarcerated for an indeterminate term, does not err in failing to specify a commencement date for the second sentence (MCL 768.7[a]; MSA 28.1030[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law §§ 551 *et seq.*

See the Index to Annotations under Concurrent and Consecutive Sentences; Sentence and Punishment.

*Thomas H. Schultz,* for defendant on appeal.

Before: MacKenzie, P.J., and Weaver and Mc-
Donald, JJ.

Per Curiam. Defendant appeals from the sen-
tencing court's refusal to set a commencement
date for his consecutive sentence. We affirm.

Defendant, originally charged with larceny over
$100 and with being a fourth-felony offender, pled
guilty to larceny over $100, MCL 750.356; MSA
28.588, and to being a third-felony offender, MCL
769.11 and 769.13; MSA 28.1083 and 28.1085. Al-
though defendant had been incarcerated in the
county jail for failure to post bond since January
15, 1987, the date of his arrest, defendant was not
sentenced until July 8, 1987. Pursuant to MCL
768.7(a); MSA 28.1030(1), defendant received a
sentence of two to ten years in prison, to be served
consecutively to his previous two-to-eight-year sen-
tence for larceny and for being a third-felony
offender. Although the minimum term of this
previous sentence had expired on December 3,
1986, defendant was a resident at the Grand Rap-
ids Correction Center and had not yet been pa-
roled at the time of the current offense.

The trial court did not state on the judgment of
sentence the date defendant's consecutive sentence
was to begin. At defendant's hearing on his motion
for resentencing, defendant asked the court to set
a sentence commencement date of January 15,
1987, since (1) this was the date on which he had
been arrested and incarcerated for failure to post
bond, (2) the minimum sentence for his previous
sentence had expired on December 3, 1986, and (3)
the Department of Corrections was willing to ac-
cept January 15, 1987, as the commencement date.
The court denied defendant's request, declining to

set a commencement date on grounds that defendant was still serving the previous sentence and that it was for the parole board to determine when defendant's parole for the prior sentence should begin and when the current sentence should begin.

On appeal, defendant argues that the sentencing court erred by refusing to set a commencement date for the current sentence. We disagree with this contention. Although defendant's minimum term had expired for the prior sentence, defendant was still subject to the possible maximum sentence and had not yet been paroled. Therefore, the prior sentence was still in effect at the time defendant was sentenced herein.

As for defendant's suggestion that he is entitled to credit for time served beginning January 15, 1987, any credit given should apply to the previous conviction for which defendant was still serving time.

Affirmed.